IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHURCHES PRESBYTARIAN,      ) | |
| )    | |
| Plaintiff,          ) | |
| vs.                                               ) | No. 3:17-CV-3185-B-BH |
| )    | |
| THE STEWPOT,                              ) | |
| )    | |
| Defendant.        ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is an *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, filed November 21, 2017 (doc. 3). Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

An unidentified individual purported to file this action on behalf of the plaintiffs against the defendant on November 21, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By *Notice of Deficiency and Order* dated November 22, 2017, the plaintiffs were notified that the motion did not provide enough information for determination of whether IFP status was appropriate because it was filed by an unidentified individual on behalf of some churches, and it was incomplete and unsigned. (*See* doc. 6.) The order provided that to the extent that the individual who filed the lawsuit sought to bring claims on his/her own behalf, he/she must file the enclosed IFP application and return it within fourteen (14) days. (*Id.*) If the plaintiff churches sought to bring claims, they were required to pay the full $400.00 filing fee because only a natural person may qualify for IFP treatment under 28 U.S.C. § 1915.

By *Notice of Deficiency and Order* dated November 22, 2017, the plaintiffs were also notified that only licensed lawyers may represent others in federal court, and that the churches must appear through licensed counsel within fourteen days. (*See* doc. 7.) If licensed counsel had not entered an appearance on behalf of the churches within that time, their claims could be dismissed without further notice. (*Id.*)

More than fourteen days from the date of the orders have passed, but no individual has filed an IFP motion, the plaintiff churches have not paid the full filing fee, and no attorney has entered an appearance on their behalf. Nor has anyone filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By orders dated November 22, 2017, the plaintiffs were advised that they must pay the full filing fee and retain counsel to represent them within fourteen days, and that if they failed to do so, dismissal of their claims would be recommended. (*See* docs. 6, 7.) More than 14 days have passed, but the plaintiff churches have failed to comply with the order that they pay the full filing fee, and no attorney has entered an appearance on their behalf.

## III.  RECOMMENDATION

The application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff churches pay the filing fee and an attorney enters an appearance on their

behalf within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 22nd day of December, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE